UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEPHEN DENNIS, | ) | |
| Plaintiff, | ) | Case No. 2:16-cv-00951-GMN-GWF |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| MCO, | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Application for Entry of Default Judgment (ECF No. 11), filed on January 13, 2017. This proceeding is referred to the undersigned pursuant to 28 U.S.C. 636(a) and (b) and LR IB 1-3 and 1-4 of the Local Rules of Practice. The Court has considered the Motion. No response to the Motion was filed.

### Background

Plaintiff's complaint alleges that Defendant MCO violated the Fair Debt Collection Practices Act ("FDCPA") on several occasions. Plaintiff asserts that in or about November 2015, Defendant contacted Plaintiff repeatedly by telephone regarding a purported consumer debt. *Complaint* (ECF No. 1), ¶ 10. Plaintiff avers that Defendant violated the FDCPA by (1) failing to disclose its representative's identity to Plaintiff during the calls, (2) threatening Plaintiff, (3) failing to disclose that it is a debt collector, (4) providing Plaintiff with three different and/or false corporation names, and (5) by contacting Plaintiff after it had been advised that Plaintiff was represented by counsel. ¶¶ 18-44. As a result of these violations, Plaintiff seeks actual damages, statutory damages, reasonable attorney fees, and costs and expenses incurred in litigating these claims.

Based on Defendant's failure to answer the Complaint or otherwise appear before this Court, Plaintiff now seeks an order pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, awarding a default judgment against Defendant MCO. On April 27, 2016, the Clerk of the Court issued a Summons (ECF No. 3) against Defendant, and Plaintiff filed a proof of service of process on July 29, 2016. *See Summons Returned Executed* (ECF No. 7). Defendant did not file a responsive pleading, and the Clerk of the Court entered default against it on December 30, 2016, on Plaintiff's Motion (ECF No. 8). *See Clerk's Entry of Default* (ECF No. 9). Plaintiff seeks entry of default judgment against Defendant and requests $3,500 in damages, $2,940 in attorney fees, and $525 in costs for a total of $6,965.

## Discussion

### I. Adequacy of Service of Process

As a preliminary matter, a court must determine whether the service of process was adequate. A federal court does not have jurisdiction over a defendant unless the defendant has been properly served. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 4 of the Federal Rules of Civil Procedure governs service of process in a federal action. According to Rule 4, a corporation may be served by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In addition, a corporation may be served by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B).

Here, the executed summons (ECF No. 7) indicates that a process server served the Complaint and Summons on Defendant, on July 20, 2016, by personal service on its agent, Marco Naranjo. Thus, service of process was adequate.

### II. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step procedure for obtaining a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R.

Civ. P. 55(a); *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the clerk of the court must enter default against the party. Fed. R. Civ. P. 55(a). Second, the party seeking default judgment must then petition the district court for entry of a default judgment. Fed. R. Civ. 55(b)(2).

The grant or denial of a motion for the entry of default judgment is within the discretion of the district court. *Liberty Ins. Underwriters Inc. v. Scudier*, 53 F. Supp. 3d 1308, 1317 (D. Nev. 2013) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has identified the following factors as relevant to the exercise of the court's discretion in determining whether to grant default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

In applying the *Eitel* factors, the well-pleaded factual allegations of the complaint are taken as true after the court clerk enters a default, except for the allegations relating to damages. *See, e.g., TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Liberty Ins.*, 53 F. Supp. 3d at 1317. "Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys.*, 826 F.2d at 917. In particular, a court may require a moving party to "establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2)(C).

In this case, the Clerk entered a default against Defendant on December 30, 2016. *See Clerk's Entry of Default* (ECF No. 9). Thus, the Court will evaluate the *Eitel* factors.

**A.     Possibility of Prejudice to the Plaintiff**

The first *Eitel* factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. 782 F.2d at 1471. Simply delaying the resolution of the case is not prejudicial under this standard. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). The standard is whether plaintiff's ability to pursue the claim will be hindered. *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)).

Defendant has failed to appear since being served on July 20, 2016. As a result, Plaintiff "will likely be without other recourse for recovery" if default judgment is not entered in his favor. *Liberty*

*Ins.*, 53 F. Supp. 3d at 1318 (quoting *Pepsico, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).  In addition, by failing to answer or otherwise respond to the complaint, Defendant is deemed to have admitted the truth of Plaintiff's averments.  *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).  Therefore, the Court finds that this factor weighs in favor of entry of a default judgment.

### B.  Merits of the Plaintiff's Substantive Claims and Sufficiency of the Complaint

The second and third *Eitel* factors favor default judgment if the plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a).  782 F.2d at 1471; *Cal. Security Cans*, 238 F. Supp. 2d at 1177.

#### 1.  Violations of the Fair Debt Collections Practices Act

Plaintiff alleges several violations of the FDCPA, including 15 U.S.C. §§ 1692d(5), 1692d(6), 1692e(5), 1692e(11), 1692e(14) and 1692c(a)(2). Section 1692d provides that a debt collector "may not engage in any conduct ... which is to harass, oppress, or abuse any person in connection with the collection of a debt," which includes "causing a telephone to ring ... with intent to annoy, abuse, or harass any person at the called number" or placing "telephone calls without meaningful disclosure of the caller's identity.  §§ 1692d(5) and (6).  Section 1692e provides that a debt collector may not use false, deceptive, or misleading representations to collect a debt.  In particular, § 1692e states that a debt collector may not threaten "to take any action that cannot legally be taken or that is not intended to be taken," fail to disclose "that the debt collector is attempting to collect a debt," or provide "any business, company, or organization name other than the true name of the debt collector's business company, or organization."  § 1692e(5), (11), and (14).  Section 1692c(a)(2) forbids a debt collector who knows, or should know, that the consumer is represented by counsel with respect to such debt from directly communicating with the consumer without consent from the consumer's attorney.

Plaintiff's complaint alleges that in November 2015 Defendant contacted Plaintiff by telephone regarding an alleged consumer debt.  *Complaint* (ECF No. 1), ¶ 10.  Defendant repeatedly contacted Plaintiff to collect the alleged debt.  ¶ 11.  During these phone calls, Defendant's representative failed to disclose his identity, threatened to sue Plaintiff if the debt was unpaid, failed to disclose that it was a debt collector and provided Plaintiff with false company names.  ¶¶12-15.

Plaintiff further alleged that Defendant violated the FDCPA by contacting Plaintiff after it had been notified that Plaintiff was represented by counsel with respect to said alleged debt. ¶ 17. The Court finds that Plaintiff has pled sufficient factual allegations to support his claims for violations of the FDCPA. The second and third *Eitel* factors therefore weigh in favor of entering default judgment.

### C.  Sum of Money at Stake in the Action

The fourth *Eitel* factor weighs against a default judgment when there is a substantial amount of money involved. 782 F.2d at 1472. In evaluating this factor, the court must compare the amount of money at stake to the seriousness of the defendant's conduct. *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.

Under the Fair Debt Collection Practices Act, the Court is authorized to award "any actual damage sustained by such person as a result of [the] failure [to comply with the provisions of the law]." 15 U.S.C. § 1692k(a)(1). In addition, the Court may award "such additional damages ... but not exceeding $1,000." *Id.* at § 1692k(a)(2)(A). Finally, if the civil action is successful, the Court may award "the costs of the action, together with a reasonable attorney's fee." *Id.* at § 1692k(a)(3). Plaintiff requests an award of $6,965 for Defendant's violations of the FDCPA. This number is comprised of the following: (1) actual damages: $2,500, (2) statutory damages: $1,000, (3) attorney fees: $2,940 (includes 3.4 hours of attorney time billed at $350 per hour and 10.4 hours of paralegal time at $125 per hour) and (4) costs: $525 (includes the $400 filing fee and $125 for service of process).

Plaintiff has failed to provide evidence to show he is entitled to actual damages. Although the Court accepts the well-pleaded factual allegations as true after the court clerk enters a default, the same is not true for allegations relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917–18. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Papasan v. Attain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Plaintiff's complaint does not set forth any factual details for why he is entitled to actual damages. For instance, at no point did Plaintiff assert that he suffered emotional distress as a result of Defendant's conduct. The complaint merely requests actual damages in the prayer for relief. *Complaint* (ECF No. 1), pg. 7. Plaintiff's

application for entry of default suffers from the same fatal flaws.  At no point does Plaintiff explain why he is entitled to $2,500 in actual damages.  Therefore, the Court finds that actual damages are not warranted.

Plaintiff may be entitled to statutory damages under the FDCPA and his reasonable attorney's fees and costs.  Thus, for the purposes of analyzing the fourth *Eitel* factor, the amount of money at stake in the litigation is $4,465.  Since this amount is relatively small, the Court therefore finds that this factor weighs in favor of entry of a default judgment.

### D.  Possibility of a Dispute Concerning Material Facts

The fifth *Eitel* factor weighs against a default judgment where there is a possibility of a dispute about material facts.  782 F.2d at 1471–72.  Because this Court takes all allegations in a well-pleaded complaint as true after the Clerk enters default, there is no likelihood that any genuine issue of material fact exists in this case.  *See, e.g., Elektra Entm't Grp. Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  Defendant has not answered the Complaint, and nothing in the record indicates that any of the material facts are in dispute.  Therefore, accepting the facts as stated in the Complaint as true given the sufficiency of the Complaint, this factor weighs in favor of a default judgment.

### E.  Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor favors default judgment where default was not due to excusable neglect.  782 F.2d at 1472.  Plaintiff has demonstrated that his process server properly served Defendant with the Summons and Complaint. Further, Plaintiff has provided a certificate of service for this Application for Entry of Default Judgment.  Thus, Defendant has received actual notice of this lawsuit and this Application.  Its failure to appear is therefore willful, and this factor weighs in favor of entry of a default judgment**.**

### F.  The Strong Policy Favoring Decisions on the Merits

The final *Eitel* factor instructs a court to examine whether a default judgment is appropriate in light of the strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits.  782 F.2d at 1472 ("Cases should be decided upon their merits whenever reasonably possible.").  However, the mere existence of Rule 55(b) indicates that this preference is not dispositive.  *Cal.*

*Security Cans*, 238 F. Supp. 2d at 1177. Here, Plaintiff has no opportunity to try his case on the merits when Defendant has repeatedly failed to respond or otherwise defend itself in this action. Therefore, this factor weighs in favor of entry of a default judgment.

### Conclusion

Based on the foregoing, the Court finds that Plaintiff's service of process on Defendant was adequate. The Clerk of Court entered the default against Defendant on July 20, 2016. *See* Clerk's Entry of Default (ECF No. 9). Weighing all the *Eitel* factors, this Court finds that entry of the default judgment is appropriate.

For the reasons stated above,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application for Entry of Default Judgment (ECF No. 11) be **granted**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be awarded $1,000 in statutory damages, $2,940 in attorney's fees and $525 in costs for a total award of $4,465.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to enter judgment accordingly.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of March, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge